## IN THE UNITED STATES DISTRICT COURT
## FOR THENORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

EUNICE PERRY                )
                            )
     Plaintiff,           )
                            )     **CIVIL ACTION FILE NO.:**
                            )     **1:23-CV-03036-VMC-CMS**
EMORY HEALTHCARE, INC.,  )
                            )
     Defendant.        )

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY THE DEADLINES FOR THE PARTIES' RULE 26F EARLY PLANNING CONFERENCE, INITIAL DISCLOSURES, AND JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

COMES NOW Defendant Emory Healthcare, Inc., ("EHC" or "Defendant") pursuant to Fed. R. Civ. P. 26(d) and L.R. 26.2(b), and files this memorandum of law in support of its Motion to Stay the deadlines for the parties' Fed. R. Civ. P. 26(f) early planning conference, Initial Disclosures and Joint Preliminary Report and Discovery Plan ("Discovery Plan"), until after the Court rules on Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 5).

## I.    PROCEDURAL BACKGROUND.

On July 10, 2023, Plaintiff filed her Complaint alleging claims for retaliation under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, ("Rehabilitation Act"), the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA") and 42

U.S.C. Section 1981 ("Section 1981") (Doc. 1)

On August 3, 2023, Defendant filed its Motion to Dismiss Plaintiff's Complaint under Rules 8(b) and 12(b)(6) of the Federal Rules of Civil Procedure, wherein it argued, *inter alia*, that all of the claims in Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.  (Doc. 5)

## II.    ARGUMENT AND CITATION OF AUTHORITY.

It is well-established that a district court has broad discretion to stay discovery "for the convenience of parties' and witnesses' and in the interests of justice." See Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); Horsley v. Feldt, 304 F.3d 1125, 1131 n. 2 (11th Cir. 2002) (explaining that a district court has discretion to suspend pretrial requirements pending a ruling on facial challenges to the sufficiency of a complaint).  The Court of Appeals for the Eleventh Circuit has recognized that:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. . . . If the district court dismisses a non-meritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.
>
> Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367-68 (11th Cir. 1997).

Based on the above-referenced principles, this Court has found good cause to stay pretrial deadlines in light of a motion to dismiss, particularly where the motion to dismiss would—if granted—dispose of the entire action. See, e.g., Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1292 (N.D. Ga. 2009) (granting motion to stay pretrial deadlines and issuance of a scheduling order pending resolution of employer's motion to dismiss plaintiff's Title VII claims); CAG Food Servs., LLC v. Shaver Foods, LLC, No. 1:18-cv-02753, 2018 U.S. Dist. LEXIS 2275790, at *1 (N.D.Ga. July 2, 2018) (Story, J.) (granting motion to stay pretrial deadlines until a ruling on defendant's partial motion to dismiss); Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 U.S. Dist. LEXIS 69858, at *6 n.4 (N.D. Ga. Mar. 15, 2011) ("[T]here is good cause to stay the pretrial deadlines until the District Judge rules on [the defendant's] motion to dismiss.").

In the instant case, Defendant has raised meritorious substantive challenges, including the time-barred nature of Plaintiff's Rehabilitation Act claim, to the sufficiency of Plaintiff's allegations in its Motion to Dismiss. Defendant's Motion to Dismiss Plaintiff's Complaint seeks the dismissal of the entire case on multiple grounds, which would result in the case being dismissed and eliminate the need for the parties to file Initial Disclosures and a Discovery Plan. Even if Defendant's Motion to Dismiss was granted in part, it would reduce the number of claims against Defendant, which would reduce the issues to be addressed at the early planning conference and in the parties'

Discovery Plan.

As shown in Defendant's Motion to Dismiss, Plaintiff's Complaint fails to state any valid legal claims against Defendant so the Court's ruling on the pending Motion to Dismiss may dispose of this action in its entirety. Accordingly, complying with certain pretrial obligations set forth in the Federal Rules of Civil Procedure and this Court's Civil Local Rules would be premature. The time and resources that the parties would expend conducting an early planning conference, and drafting initial disclosures, and a joint preliminary planning report and a discovery plan would have been spent unnecessarily if the Court grants even part of Defendant's Motion to Dismiss. A stay of these deadlines will not prejudice Plaintiff given that discovery has not yet begun.  See L.R. 26.2(A), N.D.Ga. (stating that the discovery period does not begin until 30 days after the answer is filed).

### III.   CONCLUSION.

For the foregoing reasons, Defendant respectfully requests that the deadline for the parties' Rule 26(f) early planning conference be stayed until sixteen (16) days after the Court issues a final ruling on the Defendant's Motion to Dismiss, if such ruling is not dispositive of all claims.  Defendant also requests that the Court stay the deadlines for the parties' Initial Disclosures and Joint Preliminary Report and Discovery Plan Deadlines

until thirty (30) days after the Court rules on Defendant's Motion to Dismiss Plaintiff's Complaint, if such ruling is not dispositive of all claims.

Respectfully submitted this 3rd day of August, 2023.

LEWIS BRISBOIS BISGAARD SMITH, LLP

By:    /s/ *Toni J. Read*
Toni J. Read
Georgia Bar No. 140982
600 Peachtree Street, N.E. Suite 4700
Atlanta, GA 30308
(404) 567-6589 (telephone)
toni.read@lewisbrisbois.com

***Attorneys for Defendant***
***Emory Healthcare, Inc.***

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel certifies that this **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY THE DEADLINES FOR THE PARTIES' RULE 26F EARLY PLANNING CONFERENCE, INITIAL DISCLOSURES, AND JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia and has been typed in Times New Roman 14 count.

*<u>s/ Toni J. Read</u>*
Toni J. Read